IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY KAY HILL,                )
                              )
        Plaintiff,             )
                              )
    v.                         )
                              )  Civil Action No. 14-922
CAROLYN W. COLVIN,            )
ACTING COMMISSIONER OF        )
SOCIAL SECURITY,              )
                              )
        Defendant.             )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 28th day of September, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability

to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB application on July 31, 2011, alleging disability beginning on March 1, 2010,[1] due to generalized anxiety disorder, chronic depression and premenstrual dysphoric disorder. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on January 23, 2013, at which plaintiff appeared and testified while represented by counsel. On January 28, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on May 12, 2014, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 50 years old on her alleged disability onset date, and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has past relevant work experience as a registered nurse, but she has not engaged in substantial gainful activity at any time during the relevant period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of affective mood disorder, anxiety and obesity, those impairments, alone or in

---

[1] Plaintiff filed a prior DIB application in May 2010, which was denied on February 1, 2011. There is no evidence that plaintiff appealed the prior denial, and the ALJ in this case determined that plaintiff did not provide a basis for reopening the prior decision. (R. 13). Therefore, under the doctrine of *res judicata*, the relevant period in this case began on February 1, 2011, which is the date of the prior denial, rather than the alleged onset date of March 1, 2010. See 20 C.F.R. §404.957(c)(1) ("The doctrine of res judicata applies . . . [to] a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action."). The ALJ stated that his decision "determines the [plaintiff's] disability from the date of the most recent prior denial, February 1, 2011, through the date of [the] decision." (hereinafter, the "relevant period") (R. 13).

combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform medium work with a number of additional non-exertional limitations. Plaintiff is limited to simple, routine and repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. Plaintiff is precluded from interaction with the general public and she is restricted to no more than superficial interactions with supervisors and co-workers (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual functional capacity do not permit her to perform her past relevant work. However, the ALJ found that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as an industrial cleaner, hand packer or laundry operator. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §423(d)(2)(A).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not,

whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[2] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence for the following reasons: (1) the ALJ failed to properly consider and weigh certain medical opinions; (2) the ALJ did not properly evaluate plaintiff's credibility; (3) the ALJ's RFC Finding failed to account for plaintiff's significant difficulty handling work stress; and (4) the ALJ relied upon a deficient hypothetical question that did not accommodate all of plaintiff's limitations. For reasons explained below, these arguments are without merit.

Plaintiff first argues that the ALJ did not properly consider and weigh the opinions issued by Dr. Steven Foreman, Dr. John Mills, Dr. Judith Keins and Dr. Gregory Hofstetter. Plaintiff is incorrect.

Dr. Foreman is plaintiff's former treating psychiatrist, and he completed a medical source statement of her ability to perform mental work-related activities on October 27, 2010. (R. 313-315). Dr. Mills performed a one-time mental consultative examination of plaintiff on November 20, 2010. (R. 335-341). The opinions issued by Drs. Foreman and Mills relate to plaintiff's prior application and predate the relevant period, see supra footnote 1, thus the ALJ did not err by failing to consider them in the instant case. See Becker v. Colvin, 2015 WL 1326346, at *3 (W.D. Pa. Mar. 25, 2015) (finding that the ALJ did not err in failing to discuss or weigh medical opinions that

---

[2]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

were part of the plaintiff's prior claim).

However, to the extent that Drs. Foreman and Mills found that plaintiff has marked or extreme limitations in certain areas of mental functioning, the ALJ's RFC Finding accounts for those limitations. For example, the RFC Finding accounts for Dr. Foreman's assessment that plaintiff is extremely limited in understanding, remembering and carrying out detailed instructions by restricting her to simple, routine and repetitive tasks. (R. 17, 314). The RFC Finding also accounts for Dr. Foreman's opinion that plaintiff is markedly limited in interacting appropriately with supervisors and co-workers by requiring that she have no more than superficial interactions with them. (R. 17, 314). Finally, the RFC Finding accommodates the opinions of Drs. Foreman and Mills that plaintiff is markedly limited in responding appropriately to work pressures and changes by precluding her from working in a fast-paced production environment and restricting her to work that involves only simple work-related decisions and relatively few work place changes. (R. 17, 314, 340). Accordingly, although the ALJ was not required to consider the opinions of Drs. Foreman and Mills which predate the relevant period, the RFC Finding nevertheless accounts for mental work-related limitations they identified.

Plaintiff next complains that the ALJ failed to consider the opinion of Dr. Keins, who conducted an examination of plaintiff on behalf of the City and County of San Francisco in connection with her disability retirement claim and subsequently issued a report of the examination. (R. 373-399). Although the ALJ did not consider Dr. Keins report, his failure to do so does not warrant remand. Whether or not plaintiff was considered to be disabled for purposes of receiving disability retirement benefits from the City and County of San Francisco is irrelevant because another agency's determination regarding disability is not binding on the Acting

Commissioner of Social Security.³ See 20 C.F.R. §404.1504.

Plaintiff also argues that the ALJ improperly weighed the opinion of her treating psychologist, Dr. Hofstetter, who completed a Medical Source Statement rating plaintiff as having poor or no ability to perform a variety of mental work-related activities. (R. 476). The ALJ assigned Dr. Hofstetter's opinion little weight because it was inconsistent with his treatment records. (R. 19, 20).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(c)(2). Under this standard, the ALJ properly determined that Dr. Hofstetter's opinion was entitled to little weight.

As the ALJ explained, Dr. Hofstetter's restrictive assessment of plaintiff's mental work-related capabilities is inconsistent with his treatment records. Contrary to Dr. Hofstetter's opinion on the Medical Source Statement, his treatment records during the relevant period do not support such extreme mental functional limitations, but rather document generally unremarkable mental status examinations and a GAF score of 60, which indicates only moderate symptoms.⁴ (R. 423,

---

³Dr. Keins concluded that plaintiff's mental symptoms interfered with her ability to perform her work as a registered nurse. (R. 397). We note that the ALJ reached this same conclusion in the instant case when he found at step four of the sequential evaluation process that plaintiff can not perform her past relevant work.

⁴GAF is a numeric scale that has been used by mental health clinicians and physicians to rate subjectively the social, occupational and psychological functioning of adults. The latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) no longer includes the GAF scale. See Brown v. Colvin, 2013 WL 6039018, at *7 n.3 (E.D. Wash. Nov. 14, 2013) (noting that the GAF scale was dropped from the DSM-5). Although a claimant's GAF score is not determinative of disability, see Gilroy v. Astrue, 351 Fed. Appx. 714, 715 (3d Cir. 2009)(recognizing that GAF scores do not have a direct correlation to the severity requirements of the Social Security mental disorder listings, and determining that a low GAF score is not conclusive evidence of a mental disability), it was not improper for the ALJ to consider the GAF scores Dr. Hofstetter attributed to plaintiff in connection with the ALJ's overall analysis of the doctor's opinion. See Markoch v. Colvin, 2015 WL 2374260, at *11 (M.D. Pa. May 18, 2015) (rejecting the plaintiff's argument that the ALJ erred in considering GAF scores and noting that the plaintiff's GAF scores were one relevant piece of evidence the ALJ considered in conjunction with the

425-27, 429, 432, 443-44, 446-450, 452-54, 456-57, 459-460, 462-64, 466, 468). Accordingly, the court finds no error in the ALJ's consideration and weighing of Dr. Hofstetter's opinion.

Plaintiff next contends that the ALJ did not properly evaluate her credibility concerning her claimed limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999). In this case, the ALJ properly analyzed plaintiff's subjective complaints and explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including plaintiff's own statements about her symptoms and limitations, the medical evidence of record, plaintiff's medications and the extent of her treatment, plaintiff's activities of daily living and the opinions of physicians who treated and examined her. See 20 C.F.R. §§404.1529(c)(1) - (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 18, 20). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 18-20), and is satisfied that such determination is supported by substantial evidence.

---

entire record). The ALJ's decision makes clear that he assigned little weight to Dr. Hofstetter's opinion because it was inconsistent the GAF scores he assessed and his treatment notes that documented unremarkable mental status examinations. (R. 19, 20).

AO 72
(Rev. 8/82)

In connection with her credibility argument, plaintiff asserts that the ALJ should have considered her 30-year work history as a factor enhancing her credibility. While it is true that the testimony of a claimant with a long work history may be given substantial credibility concerning her claimed limitations, see Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979), work history is only one of many factors an ALJ may consider in evaluating a claimant's credibility. 20 C.F.R. §404.1529(c)(3). Indeed, a claimant's work history alone is not dispositive of the question of her credibility, and an ALJ is not required to equate a long work history with enhanced credibility. See Christl v. Astrue, 2008 WL 4425817, *12 (W.D.Pa. Sept. 30, 2008).

Here, the ALJ clearly was aware of plaintiff's work history and referred to it in his decision when he discussed her hearing testimony and also when he determined that she could not perform her past relevant work. (R. 18, 21). It likewise is clear from the ALJ's decision that he considered the record as a whole in assessing plaintiff's credibility as discussed above. An exemplary work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination, thus remand is not warranted.

Plaintiff next claims that the ALJ's RFC Finding failed to include a limitation to account for her significant difficulty handling work stress, as found by Drs. Foreman, Mills, Keins and Hofstetter. As discussed above, the ALJ did not err in failing to consider the opinions of Drs. Foreman, Mills and Keins, and the ALJ properly determined that Dr. Hofstetter's opinion only was entitled to little weight. Despite this, and contrary to plaintiff's contention, the ALJ nevertheless accounted for any difficulty plaintiff experiences with handling work stress by limiting her to simple, routine and repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert

limiting her, *inter alia*, to simple, routine, repetitive tasks did not properly account for her moderate difficulties with concentration, persistence and pace. Contrary to plaintiff's position, the Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounted for a claimant's moderate limitation in concentration, persistence and pace. See McDonald v. Astrue, 293 Fed. Appx. 941, 946 (3d Cir. 2008); Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) (restriction to simple, routine tasks accounted for the claimant's moderate limitation in concentration, persistence and pace).

In addition to adequately accounting for plaintiff's limitation with concentration, persistence and pace, the ALJ's hypothetical otherwise incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding.[5] See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)(an ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence). Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.

---

[5]Plaintiff also incorrectly argues that the hypothetical did not include a limitation to accommodate her difficulty handling work pressure and stress. As previously discussed, the RFC Finding accounted for any difficulty plaintiff experiences with handling work stress by restricting her to simple, routine and repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. Therefore, the hypothetical question, which incorporated all of the factors that were the basis of the RFC Finding, adequately accommodated any limitation plaintiff has with handling work pressure and stress.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Elizabeth A. Smith, Esq.
Law Offices of Elizabeth A. Smith PC
129 S. McKean Street
Butler, PA 16001

Michael Colville
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219